**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ANTHONY BUSSIE, | : : : | Civ. Action No. 16-632 (RMB) |
| Petitioner, | : : |  |
| v. | : : | **OPINION** |
| THOMAS YOUNG, | : : |  |
| Respondent. | : : |  |

**BUMB**, District Judge

I.   BACKGROUND

This matter is before the Court upon Petitioner Anthony Bussie's ("Bussie") petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Bussie is presently confined in the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). (Id.) On April 20, 2012, this Court found Bussie was incompetent to stand trial pursuant to 18 U.S.C. § 4241(d), and committed him to the Bureau of Prisons for treatment to restore competency. United States v. Bussie, 12cr229 (RMB) (D.N.J. Apr. 20, 2012). On July 2, 2014, pursuant to 18 U.S.C. §§ 4241(d) and 4246, this Court found defendant was mentally incompetent to stand trial, and he could not be restored to mental competence.

1

Id., ECF No. 42. Therefore, this Court ordered Bussie's evaluation to determine whether he should be subject to civil commitment proceedings. Id.

On April 16, 2015, this Court dismissed without prejudice all charges against Bussie contained in the Indictment in Criminal Action No. 12-229 (RMB). Id., ECF No. 43. The United States Attorney sought this dismissal because on April 2, 2015, Bussie was ordered civilly committed, pursuant to 18 U.S.C. § 4246, by the Honorable W. Earl Britt, of the United States District Court, Eastern District of North Carolina in Civil Case No. 5:14-HC-2186-BR.

In Ground One of the present petition, Bussie alleged in relevant part, "Thomas Young . . . violated criminal court rules and forwarding flaw intelligence to the United States Government in the matter of United States v. Bussie, 12cr229 (RMB) (DNJ) illegal competency." The Court notes that Young was Bussie's counsel in the criminal and competency proceedings in this Court. See United States v. Bussie, 12cr229 (RMB). Bussie's additional grounds for relief are similar in nature, and he seeks to punish and prosecute Young. (Pet., Request for Relief, ¶15.) Petitioner also seeks relief the Court deems appropriate. (Id.)

II. DISCUSSSION

28 U.S.C. § 2241(c)(3) provides relief for a person in custody in violation of the Constitution or laws or treaties of the United States. Section 2241 does not provide a district court with the power to order a criminal prosecution, as Bussie requests. The Court might also construe the petition as seeking release from custody. Such a petition, however, must be brought against the petitioner's current custodian, in the district where the petitioner is confined, which in this case is the United States District Court for the Eastern District of North Carolina. See U.S. v. Foy, 803 F.3d 128, 136 (3d Cir. 2015) (remanding for district court to consider whether to transfer § 2241 petition seeking release from civil commitment pursuant to 28 U.S.C. § 1631).

If a court finds there is a want of jurisdiction over a civil action, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal counsel have been brought at the time it was filed or noticed. . ." 28 U.S.C. § 1631.

Bussie is currently confined pursuant to a civil commitment order by the U.S. District Court, Eastern District of North Carolina. Bussie has appealed the District Court's decision to civilly commit him pursuant to 18 U.S.C. § 4246 in the Fourth Circuit Court of Appeals, and proceedings are ongoing. United States v. Bussie, No. 15-6621 (4th Cir. 2015). Therefore, he has

3

brought a challenge to his present custody in the proper jurisdiction, and transfer of the present action to North Carolina is not in the interest of justice.

III. CONCLUSION

For these reasons, in the accompanying Opinion filed herewith, the Court will dismiss the petition for want of jurisdiction and close this matter.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**

**Dated: February 22, 2016**